IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON-3 DIVISIONAL OFFICE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER  13 |
| | ) | |
| ANGENITA SMITH, DEBTOR | ) | CASE NO.  21-01696-JAW |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| NS193, LLC, SERVICED BY | ) | MOVANT |
| STATEBRIDGE COMPANY, LLC | ) | |
| | ) | |
| VS. | ) | |
| | ) | RESPONDENT |
| ANGENITA SMITH, DEBTOR | | |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTOR'S
OBJECTION TO PROOF OF CLAIM FILED BY NS193, LLC, STATEBRIDGE
COMPANY, LLC AND TO ALLOW AMENDED PROOF OF CLAIM (Docket # 33)**

COMES NOW NS193, serviced by Statebridge Company, LLC ("Movant"), by counsel, and shows this Court the following:

1.	This is a Motion under Section 502(j) and under 3008 of the Bankruptcy Code for Reconsideration of the Order Granting Debtor's Objection to Proof of Claim filed by NS193, LLC, serviced by Statebridge Company, LLC (Claim #4-1) (Docket # 33).

2.	U.S. Bankruptcy Code Section 502(j) states that a claim that has been disallowed may be reconsidered for cause. Also U.S. Bankruptcy Code Section 3008 states that a party in interest may move for reconsideration of an order disallowing a claim against the estate.

3.	An Order disallowing Movant's claim was entered on February 25, 2022, on Debtor's Objection stating that the claim did not show who clearly owns the loan.

4.	Debtor's Objection to Claim was NOT properly served, and Movant, nor its

attorney did not receive notice of the Objection. Debtor served Statebridge, In care of NS193, LLC, 6061 S Willow Dr. Suite 300, Englewood, CO 80111, and its attorney at Mcalla Raymer Leibert, 1022 Highland Colony Pkwy, Suite 304, Ridgeland, MS 39157.

5.      At the very least, Debtor should have served Movant at the address listed on the proof of claim stating where notices should have been sent, which was Statebridge Company, LLC, Bankruptcy Department, 6061 S. Willow Dr. Suite 300, Greenwood Village, CO 80111. Debtor listed the city incorrectly on the certificate of service.

6.      In actuality, the service of an objection to claim is provided for in *In re Gordon, 2013 Bankr. LEXIS 1087,* which sets forth the way service and notice of an objection to proof of claim should be provided to a bank. In this case, the Court states that Fed. R. Bankr. P 3007, 9014, and 7004 sets forth the procedures which must be complied with when objecting to a proof of claim. The Court states that Fed. R. Bankr. P. 3007 and 9014(a) concerned notice, while the other rules, Fed. R. Bankr. P. 9014(b) and 7004 sets forth the method of service. The Court states that a claim objection is initiated by filing an objection, rather than a motion, does not render void the service requirement of Rule 9014(b). Rule 7004(h)(1) requires that service on a bank must be accomplished by certified mail addresses to a bank officer. The advisory Committee Notes to Rules 9014 and 3007 makes it clear that the filing of a claim objection initiates a contested matter; therefore, Rule 9014(b) requires service in accordance with Rule 7004. See also *In re Levoy*, 182 B.R. 827, 833-34 (B.A.P. 9th Cir. 1995). Movant was not served by certified mail addressed to a bank officer and thus was not properly served with the objection to claim.

7.      This ineffective service on Movant and Movant's attorney contributed to the default order disallowing the claim to be entered.  Due to the disallowance of the proof of claim, Debtor's Confirmed Plan did not treat this lien.

8.     Debtor should have served Movant's attorney at the address on the proof of claim. Debtor not only misspelled the name of the attorney, but she listed the address incorrectly. Movant's attorney is McCalla Raymer Leibert Pierce, LLC and the address on the proof of claim was 1544 Old Alabama Road, Roswell, GA 30076. The certificate of service on the objection to claim supposedly served MCalla Raymer Leibert, 1022 Highland Colony Pkwy, Suite 304, Ridgeland, MS 39157.

9.     Movant is a secured creditor of the Debtor pursuant to a note executed by Debtor on March 17, 2005, whereby Debtor promised to repay the principal sum of $38,000.00 plus interest to Finance America, LLC ("Note").  The Note endorsed in blank and was ultimately transferred and conveyed to Movant.  Movant is an entity entitled to enforce the Note and Deed of Trust (defined below).  A true, correct, and redacted copy of the Note together with the Allonge endorsed in blank is attached hereto as ***Exhibit "A"*** and is incorporated herein by reference. (The Collateral File containing the Note had been misplaced for a time but has now been located and a copy of the original Note including the allonge is attached.)

10.     To secure repayment of the Note, Debtor executed a Deed of Trust in favor of Finance America, LLC, consenting to a mortgage lien being placed on the real property located at and commonly known as ***4420 Meadow Ridge, Jackson, Mississippi 39206*** (the "Property").  The Deed of Trust was recorded on March 22, 2005, in the office of the Chancery Clerk of Hinds County, Mississippi in Book 6235 at Page 893.  A true, correct and redacted copy of the recorded Deed of Trust is attached hereto as ***Exhibit "B"*** and is incorporated herein by reference.  The Property is located in Hinds County, Mississippi, and is more particularly described as follows:

**LOT 12, BLOCK N, G. I. SUBDIVISION, a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi, in Plat Book 8 at Page 29, reference to which is hereby made in aid of and as a part of this description**

11.     The Deed of Trust was subsequently assigned to Movant as evidenced by the Assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc ("MERS"), solely as nominee for Financial America, LLC, its successors and assigns, to NS193, LLC (the "Assignment").  The Assignment was recorded on February 10, 2020, in the office of the Chancery Clerk of Hinds County, Mississippi in Book 7244 at Page 6749.  A true, correct and redacted copy of the recorded Assignment is attached hereto as ***Exhibit "C"*** and is incorporated herein by reference.

12.     The Note was transferred from Financial America, LLC to Nationstar Mortgage, LLC, who then transferred the Note to NS193 on September 30, 2019.  The loan was originally serviced by Ocwen Loan Servicing, LLC, who transferred servicing to Veripro Solutions, Inc., who ultimately transferred servicing of the loan to Statebridge Company, LLC.

13.     There is an Affidavit in the Amended Proof of Claim by Andrew Burns, the Legal Oversight Manager, who states that the collateral file has been located and contains all of the original documents referenced above and contained in the Amended Proof of Claim.

14.     Debtor listed the subject property as her primary residence on the Petition, however, Debtor filed a Notice of Change of Address on November 18, 2021, which provides her new address as 6547 Goldfield Street North, Las Vegas, NV 89084 (Dkt # 22).

15.     Debtor's originally filed plan (Dkt # 20) was filed on November 16, 2021, and it provided for the payment of Movant's lien. The Plan provided that payments to Statebridge Company would begin on December 1, 2021, in the amount of $292.06 to be paid by the Trustee and that the arrearage of $45,479.57 would be paid by the Trustee. Due to the objection to claim that was filed by the Debtor, that Movant alleges was inadequate due to improper address of the objection of claim to Movant and Movant's attorney, the Movant's claim was disallowed and

Debtor's confirmed plan did not treat the Movant's claim. Per the Court's order entered on April 21, 2023 (Dkt # 52), the Order Disallowing Claim does not address the lien encumbering the Property.

16.     Additionally, Debtor listed the loan owed to Movant in her Schedule D, did not allege that this debt was contested, and signed the Schedules under the penalty of perjury. Movant avers that Debtor is estopped from taking a contrary position now. See *In re Barnes,* 2022 Bankr. Lexis 2447, 2022 WL 4073309 (Bankr. D. Nev. Sep. 2, 2022)(Spraker, J.), wherein the Debtor objected to a creditor's claims for failure to produce authenticated evidence of liability and the amounts owed. The Court stated that the Debtor's scheduling of the debts as undisputed was sufficient to establish the debtor's liability and overruled the Debtor's objection to claims. Debtor also listed subject property as her primary residence on the petition; however, on November 18, 2021, approximately one month after filing the petition, Debtor filed the Change of Address to Las Vegas, Nevada where she currently resides. Pacer also shows the Las Vegas address.

17.     At the hearing on the Motion for Relief, Debtor testified that Ocwen advised her that the loan had been written off and that Ocwen was going out of business. Ocwen is not out of business. Additionally, if Ocwen had written the loan off, Ocwen would have sent Debtor a 1999. Movant's counsel has requested a copy of the 1099 or a tax return showing this from Debtor's attorney. Nothing has been provided. A copy of email correspondence is attached. Also attached are letters from Veripro offering a settlement, Veripro advising that it would be the new servicer, and Ocwen letter advising that it would be transferring servicing to Veripro

18.     A copy of code violations is attached, which states that the property is vacant. Also attached is a bid to repair the code violations.

19.     There is attached a returned mail envelope showing that the property is vacant.

20.     A Broker's Price Opinion and a Payoff Quote are also attached.

21.     Subject property is not necessary for an effective reorganization; however, if Debtor wants to keep the property, she needs to provide for payment of the pre-petition arrears and maintain the post-petition payments.

WHEREFORE, Movant requests that this Court enter an order setting aside the Order Granting Debtor's Objection to Proof of Claim filed by NS193, LLC, serviced by Statebridge Company, LLC, and allow the Amended Claim, which provides for all of the documents substantiating ownership, and for such other and further relief, both general and specific, as is just and equitable.

Respectfully submitted, this the 18th day of January, 2024.

**STATEBRIDGE COMPANY, LLC AS
SERVICER FOR NS193, LLC**

BY:   /s/ Karen A. Maxcy
      _____
      Karen A. Maxcy
      MS Bar No. 8869
      McCalla Raymer Leibert Pierce, LLC
      1544 Old Alabama Road
      Roswell, GA  30076
      Direct Phone 678-321-6965
      Email: karen.maxcy@mccalla.com
      *Attorney for Movant*

## CERTIFICATE OF SERVICE

I, Karen A. Maxcy, of McCalla Raymer Leibert Pierce, LLC, do hereby certify that on this date, I served a copy of **AMENDED MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY NS193, LLC, STATEBRIDGE COMPANY, LLC AND TO ALLOW AMENDED PROOF OF CLAIM** filed in this bankruptcy matter on the following parties at the addresses shown, through the Court's ECF/CMF system, and/or via U.S. Mail First Class, postage prepaid and properly addressed, to-wit:

**Debtor**
Angenita Smith
6547 Goldfield Street North
Las Vegas, NV 89084

**Debtor**
Angenita Smith
4420 Meadow Ridge
Jackson, MS 39206

**Debtor's Attorney**                           *(via ECF/CMF Electronic Notice)*
Thandi J. Wade
P.O. Box 22688
Jackson, MS 39225-2688

**Chapter 13 Trustee**                           *(via ECF/CMF Electronic Notice)*
David Culver Rawlings
David C. Rawlings
P.O. Box 31980
Jackson, MS 39286-1980

**U.S. Trustee**                           *(via ECF/CMF Electronic Notice)*

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

      CERTIFIED, this the 18th day of January, 2024.

                      /s/ Karen A. Maxcy
                      Karen A. Maxcy